

**NOTE**

Loan

March 13, 1999

HARRISBURG, PA 17110 ,
*(City)* *(State)*

508 Maple Avenue, Lewistown, PA 17044
*(Property Address)*

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 45,500.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
Alternative Lending Mortgage Corp. .

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 7.5000 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the 1 s tday of each month beginning on May 1999 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on April 1, 2029 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at 305 5th Street ,
Bay City, MI 48708 or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 318.14 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 1 5 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5 . 0 0 0% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)   *Ottie J. Olnick* (Seal)
Borrower                          Ottie J. Olnick     Borrower

_____ (Seal)   _____ (Seal)
Borrower                          Borrower

(Sign Original Only)

Without Recourse, Pay to the Order of: Washtenaw Mortgage Company

this 13th day of March , 1999

Alternative Lending Mortgage Corp.

*Donna J. Bukowski*
Donna J. Bukowski
Conforming Manager

Pay to the order of

,without recourse

Laura Colucci, Manager
Washtenaw Mortgage Company

PAY TO THE ORDER OF

WITHOUT RECOURSE

Bank of America, N.A.

BY

CHRISTINA M. SCHMITT
ASSISTANT VICE PRESIDENT

Em Ret to
Chelsea Settlement Agency
1000 N. Front Street, Suite 501
Wormleysburg, PA 17043

FILED
MIFFLIN COUNTY
J. Luput
APR 1 10 05 AM '99
125211
BAREA...STINGER
RECORDER

AFFORDABLE HOUSING
ACT 137
AMOUNT ___ 11.50
BY CO. COMMISSIONERS

Parcel Number: 16-21-416

———————— [Space Above This Line For Recording Data] ————————

BK0468PG0001

# MORTGAGE

**THIS MORTGAGE** ("Security Instrument") is given on      March 13, 1999      . The mortgagor is
Ottie J. Olnick, a single woman

("Borrower"). This Security Instrument is given to Alternative Lending Mortgage Corp.

which is organized and existing under the laws of      The State of Florida      , and whose
address is 2229 Paxton Church Road, Harrisburg, PA 17110

("Lender"). Borrower owes Lender the principal sum of
Forty Five Thousand Five Hundred and no/100

Dollars (U.S. $ 45,500.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on      April 1, 2029
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following
described property located in      MIFFLIN      County, Pennsylvania:
THE PROPERTY REFERRED TO IS SITUATED IN THE TOWNSHIP OF DERRY, COUNTY OF MIFFLIN,
STATE OF PENNSYLVANIA AND IS DESCRIBED AS FOLLOWS: SEE ATTACHED LEGAL DESCRIPTION:
PARCEL #: 16-21-416  ADDRESS: 508 MAPLE AVE., LEWISTOWN, PA 17044

STATE OF PENNSYLVANIA
County of Mifflin, SS.
Recorded in the
Recorders Office at
Lewistown, PA this _1st_
day of _April_      A.D.
_1999_ in Book _468_
Page _____
Barbara A. Stringer
Recorder of Deeds

which has the address of  508 Maple Avenue, Lewistown      [Street, City],
Pennsylvania      17044      ("Property Address"):
[Zip Code]

PENNSYLVANIA-Single Family-FNMA/FHLMC
UNIFORM INSTRUMENT  Form 3039 9/90
-6R(PA) (8410).03      Amended 5/91
Page 1 of 6      MW 10/94.03      Initials O.J.O.
VMP MORTGAGE FORMS - (800)521-7291

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

VMP -6R(PA) (9410).03                                   Page 2 of 6                                   Form 3039   9 90

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve

payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

-6R(PA) (9410) 03                                    Page 4 of 6                                    Form 3039  9 90

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.

**22. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**23. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**24. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**25. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**26. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

-6R(PA) (9410).03                          Page 5 of 6                          Form 3039  9/90

RK0468PG00005

ALL that certain piece, parcel or tract of land situate on the South side of a public alley lying to the North of and parallel to Maple Avenue in Derry Township, Mifflin County, Pennsylvania, bounded and described as follows to wit:

FRONTING Fifty (50') feet on said public alley and extending in a southern direction in depth of equal width Fifty-three (53') Feet, more or less, to property now or formerly of Joseph R. Olnick; being bounded on the North by said public alley, on the East by lot now or formerly of James Riley, on the South by property now or formerly of Joseph R. Olnick and on the West by lot now or formerly of Lina Weaver, being the Northerly portion of Lot No. 8 and of the Eastern Twenty (20') Feet of Lot No. 9 in Block 34 in a plan of lots in Highland Park recorded in the Recorder's Office in and for Mifflin County at Lewistown, Pa. in Plat Book I, page 10, and having thereon erected a two-story frame dwelling house, garage and other improvements, and being known and numbered as Rear 508 Maple Avenue, Lewistown, Pennsylvania.

BEING the same premises which Daniel C. Wagner and Memie C. Wagner, his wife, by their Deed dated October 27, 1956 and recorded in the Recorder's Office in and for Mifflin County in Deed Book 113, page 95 sold and conveyed to Robert H. Ramsey and Patricia Y. Ramsey, formerly husband and wife, and now divorced by virtue of a Decree in Divorce dated August 2, 1961, in proceedings in the Court of Common Pleas of Mifflin County to No. 332 May Term, 1961.

This is a Deed of conveyance between a daughter and her former spouse to her parents, said conveyance being without consideration being paid therefor. Accordingly, the transfer is exempt from Realty Transfer Taxes.

PARCEL #: 16-21-416

BK0468PG0006

**27. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

- [ ] Adjustable Rate Rider
- [ ] Condominium Rider
- [ ] 1-4 Family Rider
- [ ] Graduated Payment Rider
- [ ] Planned Unit Development Rider
- [ ] Biweekly Payment Rider
- [ ] Balloon Rider
- [ ] Rate Improvement Rider
- [ ] Second Home Rider
- [ ] VA Rider
- [X] Other(s) [specify]   ATTACHED LEGAL

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_David Norris_
DAVID NORRIS

_John L. Edgar_
JOHN L. EDGAR

_____ (Seal)
                                    -Borrower

_Ottie J. Olnick_                    (Seal)
Ottie J. Olnick                  -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

**Certificate of Residence**

I, Donna J. Bukowski                                          , do hereby certify that the correct address of the within-named Mortgagee is 2229 Paxton Church Road, Harrisburg, PA 17110

Witness my hand this    13th    day of    March    , 1999

_Donna J. Bukowski_
Donna J. Bukowski                  Agent of Mortgagee
DAUPHIN

**COMMONWEALTH OF PENNSYLVANIA,**                                          County ss:

On this, the    13th    day of    March    , 1999    , before me, the undersigned officer, personally appeared Ottie J. Olnick

known to me (or satisfactorily proven) to be the person    whose name    is    subscribed to the within instrument and acknowledged that    he/she executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission Expires:

_____
NOTARY PUBLIC
Title of Officer

Notarial Seal
John L. Edgar, Notary Public
Susquehanna Twp., Dauphin County
My Commission Expires Oct. 29, 2001
Member, Pennsylvania Association of Notaries

VMP -6B(PA) (9410) 03                                          Page 6 of 6                                          Form 3039   9/90

BK0468PG0008

FILED 15-50
MIFFLIN COUNTY
J. Lupert
APR 1 10 08 AH '99
115 212
BARD_____GER
RECORDER

(P.O. Box) 603
Chelsea Settlement Agency
1000 N. Front Street, Suite 501
Wormleysburg, PA 17043

002213

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

LOAN NO. 2360691

## Corporation Assignment of Real Estate Mortgage

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to    Washtenaw Mortgage
Company      , 315 E. Eisenhower Prkwy Ste.12, Ann Arbor, MI 48108
**It's Successors and/or Assigns all the** rights, title and interest of undersigned in and to that certain Real
Estate Mortgage dated        March 13, 1999                          executed by
                        Ottie J. Olnick, a single woman

to    Alternative Lending Mortgage Corp.
                                                                    , its successors and/or assigns

and whose address is 305 FIFTH STREET, BAY CITY, MICHIGAN 48708 and recorded in Liber No.   468      , page(s)    )
                              MIFFLIN          County Records, State of   Pennsylvania
on real estate legally described as follows:
      THE PROPERTY REFERRED TO IS SITUATED IN THE TOWNSHIP OF DERRY,
      COUNTY OF MIFFLIN, STATE OF PENNSYLVANIA AND IS DESCRIBED AS
      FOLLOWS: SEE ATTACHED LEGAL DESCRIPTION: PARCEL #: 16-21-416
      ADDRESS: 508 MAPLE AVE., LEWISTOWN, PA 17044

STATE OF PENNSYLVANIA
County of Mifflin, SS.
Recorded in the
Recorders Office at
Lewistown, PA this _____
day of ____April_____ A.D.
__1999__ in Book ___468___
Page _____
Barbara A. Stringer
Recorder of Deeds

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Real Estate Mortgage.

DATED: March 13, 1999              Alternative Lending Mortgage Corp.

Witness: Lisa J. Huntley          By: Donna J. Bukowski
Witness: SHERRY L. HOLLIDAY            Donna J. Bukowski/Conforming Manager
STATE OF MICHIGAN                       ss.
COUNTY OF Bay
On  March 13, 1999       before me, the undersigned, a Notary Public in and for the said County and State,
personally appeared  Donna J. Bukowski to me personally known, who being duly sworn by me, did say that
he/she is   Conforming Manager     of the corporation named herein which executed the within instrument, that
the seal affixed to said instrument is the corporate seal of said corporation; that said instrument was signed and sealed on
behalf of said corporation pursuant the its by-laws or a resolution of its Board of Directors and that he/she acknowledges
said instrument to be free act and deed of said corporation.

(OFFICIAL SEAL)

Notary Public for State of)   Michigan
County of: Bay
My Commission Expires:
                                    SHERRY L. HOLLIDAY
                                    Notary Public, Bay County, MI
                                    My Commission Expires 11-16-2001

DRAFTED BY:
Thomas P. LaPorte, President
Alternative Lending Mortgage Corp.         When Recorded Mail To:
305 Fifth Street                           Mortgage America (IMC), Inc.
Bay City, MI 48707                         305 5th Street
                                           Bay City, MI 48708
                                           (717) 671-4992

ISC/ASMTG//0990-L

CDD/ASSIGNMENT OF MORTGAGE CINV                      LFG/ASSIGNMENT OF MORTGAGE CINV

ALL that certain piece, parcel or tract of land situate on the South side of a public alley lying to the North of and parallel to Maple Avenue in Derry Township, Mifflin County, Pennsylvania, bounded and described as follows to wit:

FRONTING Fifty (50') feet on said public alley and extending in a southern direction in depth of equal width Fifty-three (53') Feet, more or less, to property now or formerly of Joseph R. Olnick, being bounded on the North by said public alley, on the East by lot now or formerly of James Riley, on the South by property now or formerly of Joseph R. Olnick and on the West by lot now or formerly of Lina Weaver, being the Northerly portion of Lot No. 8 and of the Eastern Twenty (20') Feet of Lot No. 9 in Block 34 in a plan of lots in Highland Park recorded in the Recorder's Office in and for Mifflin County at Lewistown, Pa. in Plat Book I, page 10, and having thereon erected a two-story frame dwelling house, garage and other improvements, and being known and numbered as Rear 508 Maple Avenue, Lewistown, Pennsylvania.

BEING the same premises which Daniel C. Wagner and Memie C. Wagner, his wife, by their Deed dated October 27, 1956 and recorded in the Recorder's Office in and for Mifflin County in Deed Book 113, page 95 sold and conveyed to Robert H. Ramsey and Patricia Y. Ramsey, formerly husband and wife, and now divorced by virtue of a Decree in Divorce dated August 2, 1961, in proceedings in the Court of Common Pleas of Mifflin County to No. 332 May Term, 1961.

This is a Deed of conveyance between a daughter and her former spouse to her parents, said conveyance being without consideration being paid therefor. Accordingly, the transfer is exempt from Realty Transfer Taxes.

PARCEL #: 16-21-416

BK0519PG3625

FILED 24°
MIFFLIN COUNTY
Mail
Jul 23  10 09 AM '03
Rec# 167675
BARB... ...GER
REC...DER

Prepared by; & when recorded mail to: Trudy Legault
Washtenaw Mortgage Company
3767 Ranchero Drive
Ann Arbor, MI  48108
(800) 765-5562

# CORPORATION ASSIGNMENT
# OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby
grants, assigns, and transfers to:
**BANK OF AMERICA, N.A.**
**475 CROSS POINT PARKWAY**
**P.O. BOX 9000**
**GETZVILLE, NY 14069**
all beneficial interest under that certain MORTGAGE, dated 03/13/1999 executed by: OTTIE J OLNICK, to and in favor Mortgage
America and recorded on 04/01/1999 as Document No. 002212, in Book 0468, Page(s) 0001 to 0007 of Official Records in the office
of the County Recorder of MIFFLIN County, State of PA and assigned to Washtenaw Mortgage Company by separate Assignment
recorded on 04/01/1999 as Doc. No. 002213 in Book, Volume or Liber No. 0468, at page 0008,

STATE OF PENNSYLVANIA
County of Mifflin, SS.
Recorded in the
Recorders office at  23rd
I ewistown, PA this
day of                     July           AD
2003    in Book   519    3625
Page
Barbara A. Strunk
Recorder of Deeds

Tax ID #:     Property Address: 508 MAPLE AVE, LEWISTOWN, PA 17044
Note Amount:  $45,500.00  Date of execution: 06/24/2003

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all
rights accrued or to accrue under said MORTGAGE.

**WASHTENAW MORTGAGE COMPANY**                                   Witnessed:

BY:                                                              Suzanne Daniels
    Howard Nathan
    Its: Vice President
                                                                Anita Martinez

**State of Michigan, Washtenaw County**
On 06/24/2003 before me, the undersigned, Trudy Legault, a Notary Public in and for said County and State, personally appeared
Howard Nathan known to me to be the Vice President, of Washtenaw Mortgage Company which executed the within instrument,
that said instrument was signed on behalf of said corporation pursuant to its by-laws or a resolution of its Board of Directors and
that he/she acknowledged said instrument to be the free act and deed of said corporation.

Notary Public:                              (Seal)     CERTIFICATE OF RESIDENCE:  The undersigned
                                                       hereby certifies that the precise address of the Assignee
    Notary Public, Washtenaw County, MI                herein named is as follows:
    My Commission Expires :                            <mailing address of assignee>

Pennsylvania 1            **006156**



**Barbara A. Stringer**
MIFFLIN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT
Courthouse
20 North Wayne Street, Lewistown, PA 17044
Phone: (717) 242-1449

Instrument Type:    ASGMT MTGE

| | |
|---|---|
| Record Date: | 6/07/2013 |
| Record Time: | 01:37:27 |
| Receipt No.: | 245420 |

- - -                                                                                  - - -

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| ASGMT MTGE | 13.00 |
| ASGMT MTGE - WRIT | .50 |
| J.C.S. / A.T.J. | 23.50 |
| CO IMPROVEMENT FND | 2.00 |
| REC. IMPRVMT FUND | 3.00 |
| Check# 361674 | $42.00 |
| Total Received........ | $42.00 |

Recording Page Count:    3

Paid By Remarks: CORELOGIC SOLUTIONS        DAC
                 BANK OF AMERICA/OLNICK/GREEN

I hereby CERTIFY that this document is recorded in the Recorder's Office of Mifflin County, Pennsylvania

*Barbara A. Stringer*
**Barbara A. Stringer**
**Recorder of Deeds**

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

Recording Requested By:
**Bank of America**
Prepared By:
**Marcus Jones**

**16001 N. Dallas Pkwy**
**Addison, TX 75001**
When recorded mail to:
**Green Tree Servicing LLC**
**7360 South Kyrene Rd**
**Attention: Conversions Team T310**
~~Tempe, AZ 85283~~

Tax ID:        16-21-416
Property Address:
**508 MAPLE AVE**
**LEWISTOWN, PA 17044**
Property Location:
**Township of DERRY**

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **GREEN TREE SERVICING LLC** whose address is **7360 S. KYRENE ROAD, TEMPE, AZ 85283** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:        **ALTERNATIVE LENDING MORTGAGE CORP.**

Mortgagor(s):          **OTTIE J. OLNICK, A SINGLE WOMAN**

Date of Mortgage:   3/13/1999        Original Loan Amount:   **$45,500.00**

Recorded in **Mifflin County, PA** on: 4/1/1999, book **0468**, page **0001** and instrument number **002212**

This Mortgage has not been assigned unless otherwise stated below:
Assigned From: ALTERNATIVE LENDING MORTGAGE CORP.
Assigned To: WASHTENAW MORTGAGE COMPANY
Recording Date: 4/1/1999 Book/Liber: 0468 Page: 0008 Instrument Number: 002213

Assigned From: WASHTENAW MORTGAGE COMPANY
Assigned To: BANK OF AMERICA, N.A.
Recording Date: 7/23/2003 Book/Liber: 0519 Page: 3625 Instrument Number: 006156

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**5·20·13**

Bank of America, N.A.

By: _____

Corretha Adams
Assistant Vice President

State of TX, County of _Dallas_

On _5-20-13_, before me, _Lourae M. Crichton_, a Notary Public, personally appeared **Corretha Adams**, **Assistant Vice President** of Bank of America, N.A. personally known to me to be the person(s) whose name(s) is/are subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Notary Public: _Lourae M. Crichton_
My Commission Expires: _10-19-15_

LOURAE M. CRICHTON
MY COMMISSION EXPIRES
October 19, 2015

I hereby certify that the address of the within named assignee is:
**7360 S. KYRENE ROAD, TEMPE, AZ 85283**

**Signature**



**Barbara A. Stringer**
MIFFLIN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT
Courthouse
20 North Wayne Street, Lewistown, PA 17044
Phone: (717) 242-1449



Instrument Type:   ASGMT MTGE

| Record Date: | 2/18/2020 |
|---|---|
| Record Time: | 01:25:47 |
| Receipt No.: | 289959 |

---

### Receipt Distribution
Fee/Tax Description                     Payment Amount

| | |
|---|---|
| ASGMT MTGE | 13.00 |
| ASGMT MTGE - WRIT | .50 |
| J.C.S. / A.T.J. | 40.25 |
| CO IMPROVEMENT FND | 2.00 |
| REC. IMPRVMT FUND | 3.00 |
| Check# 11668405 | $58.75 |
| Total Received........ | $58.75 |

Recording Page Count:   4

Paid By Remarks: REC'D NTC RECORDING FEES   TB
                 DITECH-OLNICK/NEW RESIDENTIAL

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Mifflin County, Pennsylvania

Barbara A. Stringer
Recorder of Deeds

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

**Prepared By:**
Dave LaRose/NTC, 2100 Alt. 19
North, Palm Harbor, FL 34683
(800)346-9152

When Recorded Return To:
Ditech Financial LLC
C/O Nationwide Title Clearing. Inc.
2100 Alt. 19 North
Palm Harbor. FL 34683



## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION. the sufficiency of which is hereby acknowledged. the undersigned. DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC. WHOSE ADDRESS IS 2100 E. ELLIOT RD.. BLDG 94, Mailstop T314, TEMPE, AZ 85284, (ASSIGNOR), by these presents does convey. grant. assign. transfer and set over the described Mortgage therein together with all interest secured thereby. all liens. and any rights due or to become due thereon to NEW RESIDENTIAL MORTGAGE LLC, WHOSE ADDRESS IS 1345 AVENUE OF THE AMERICAS, 45th FLOOR, NEW YORK, NY 10105 (212)798-6100, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Mortgage is dated 03/13/1999. in the amount of $45,500.00. made by OTTIE J. OLNICK to ALTERNATIVE LENDING MORTGAGE CORP.. recorded on 04/01/1999. in the Office of the Recorder of Deeds of MIFFLIN County. Pennsylvania. in Book 0468 and Page 0001 .

    SEE ATTACHED EXHIBIT A

Property is commonly known as: 508 MAPLE AVENUE DERRY TOWNSHIP. LEWISTOWN. PA 17044.

Dated on __2__ /__1 0__/2020 (MM/DD/YYYY)

DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC

By: _____

    Ercilia Green
    VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

PAGE 1



STATE OF FLORIDA    COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on __21/10__/2020 (MM/DD/YYYY), by Ercilia Green as VICE PRESIDENT of DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Julie Martens
Notary Public - STATE OF FLORIDA
Commission expires: 05/22/2022

JULIE MARTENS
Notary Public - State of Florida
Commission # GG 221059
My Comm. Expires: May 22, 2022
Bonded Through National Notary Assn.

Assignment of Mortgage from:
DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, WHOSE ADDRESS IS 2100 E. ELLIOT RD., BLDG 94, Mailstop T314, TEMPE, AZ 85284, (ASSIGNOR),
to:
NEW RESIDENTIAL MORTGAGE LLC, WHOSE ADDRESS IS 1345 AVENUE OF THE AMERICAS, 45th FLOOR, NEW YORK, NY 10105 (212)798-6100, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)

Mortgagor: OTTIE J. OLNICK

All that certain lot or piece of ground situated in
Mortgage Premise: 508 MAPLE AVENUE DERRY TOWNSHIP
                  LEWISTOWN, PA 17044
(Borough or Township, if stated), Commonwealth of Pennsylvania.
Being more particularly described in said Mortgage.

I, Ercilia Green , hereby certify that the below information and address for the assignee are correct:
NEW RESIDENTIAL MORTGAGE LLC, WHOSE ADDRESS IS 1345 AVENUE OF THE AMERICAS, 45th FLOOR, NEW YORK, NY 10105 (212)798-6100, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)

By: _____
    Ercilia Green    VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

PAGE 2

# Exhibit A

ALL that certain piece, parcel or tract of land situate on the South side of a public alley lying to the North of and parallel to Maple Avenue in Derry Township, Mifflin County, Pennsylvania, bounded and described as follows to wit:

FRONTING Fifty (53') feet on said public alley and extending in a southern direction in depth of equal width Fifty-three (53') Feet, more or less, to property now or formerly of Joseph R. Olnick being bounded on the North by said public alley, on the East by lot now or formerly of James Riley, on the South by property now or formerly of Joseph R. Olnick and on the West by lot now or formerly of Lna Weaver, being the Northerly portion of Lot No. 8 and of the Eastern Twenty (20') Feet of Lot No. 9 in Block 34 in a plan of lots in Highland Park recorded in the Recorder's Office in and for Mifflin County at Lewistown, Pa, in Plat Book I, page 10, and having thereon erected a two-story frame dwelling house, garage and other improvements. and being known and numbered as Rear 508 Maple Avenue, Lewistown, Pennsylvania.



**Barbara A. Stringer**
MIFFLIN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT
Courthouse
20 North Wayne Street, Lewistown, PA 17044
Phone: (717) 242-1449

| | |
|---|---|
| Record Date: | 5/11/2020 |
| Record Time: | 11:22:44 |
| Receipt No.: | 291190 |

Instrument Type:  ASGMT MTGE

- - -                                                                    - - -

| Receipt Distribution | |
|---|---|
| Fee/Tax Description | Payment Amount |
| ASGMT MTGE | 13.00 |
| ASGMT MTGE - WRIT | .50 |
| J.C.S. / A.T.J. | 40.25 |
| CO IMPROVEMENT FND | 2.00 |
| REC. IMPRVMT FUND | 3.00 |
| Check# 5255586 | $58.75 |
| Total Received........ | $58.75 |

Recording Page Count:   3

Paid By Remarks:  CORELOGIC SOLUTIONS LLC       KDR
O J OLNICK/NEWREZ LLC/ALT LEND

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Mifflin County, Pennsylvania

*Barbara A. Stringer*
**Barbara A. Stringer**
**Recorder of Deeds**

Certification Page
**DO NOT DETACH**
This page is now part of this legal document.

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

Recording Requested By:
**Shellpoint Mortgage Servicing**
Prepared By:
**Ratanaphone Vilaylueth**
**855-369-2410**
**3001 Hackberry Rd**
**Irving, TX 75063**
When recorded mail to:
**CoreLogic**
**P.O. Box 9232**
**Connell, TX 75019**



Property Address:
**508 MAPLE AVE**
**LEWISTOWN, PA 17044**
Property Location:
**Township of DERRY**

This space for Recorder's use

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1345 AVENUE OF THE AMERICAS, 45TH FLOOR, NEW YORK, NY 10105** does hereby grant, sell, assign, transfer and convey unto **NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING** whose address is 1345 AVENUE OF THE AMERICAS, 45TH FLOOR, NEW YORK, NY 10105 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Mortgagee:                **ALTERNATIVE LENDING MORTGAGE CORP.**

Mortgagor(s):             **OTTIE J. OLNICK, A SINGLE WOMAN**

Date of Mortgage:   3/13/1999        Original Loan Amount:   **$45,500.00**

Recorded in Mifflin County, PA on: 4/1/1999, book **0468**, page **0001** and instrument number **002212**

This Mortgage has not been assigned unless otherwise stated below:
Last ASSIGNMENT OF MORTGAGE DATED 2/10/2020. From DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC. To NEW RESIDENTIAL MORTGAGE LLC., Recorded On 2/18/2020 In Book/Liber:N/A Page:N/A Instrument Number:2020-000665



IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on **5/5/2020**

**NEW RESIDENTIAL MORTGAGE, LLC BY NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, AS ATTORNEY IN FACT**

By: _____

**Kendrick Anthony, Vice President**

STATE OF **TX**

COUNTY OF **Dallas**

On this the **5/5/2020** before me, **Tina Kaye Sandor-Provencher**, the undersigned officer, personally appeared **Kendrick Anthony** who acknowledged himself/herself to be the **Vice President** of **NEW RESIDENTIAL MORTGAGE, LLC BY NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, AS ATTORNEY IN FACT**, and that he/she as such **Vice President**, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the name of the entity by himself/herself as **Vice President**.

In witness whereof I hereunto set my hand and official seal.

TINA KAYE SANDOR-PROVENCHER
Notary Public, State of Texas
Comm. Expires 03-30-2021
Notary ID 131065924

Notary Public

**Tina Kaye Sandor-Provencher**

(Printed Name)

My Commission Expires : **3/30/2021**

I certify that the precise residence of the within named Assignee is: **1345 AVENUE OF THE AMERICAS, 45TH FLOOR, NEW YORK, NY 10105**

Signature: _____



### Ellen L. Amspacker
MIFFLIN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT
Courthouse
20 North Wayne Street, Lewistown, PA 17044
Phone: (717) 242-1449

Instrument Type:  ASGMT MTGE

| | |
|---|---|
| Record Date: | 1/19/2022 |
| Record Time: | 09:25:25 |
| Receipt No.: | 303221 |

- - -                                                                      - - -

```
      Receipt Distribution
Fee/Tax Description         Payment Amount

ASGMT MTGE                        13.50
ASGMT MTGE - WRIT                  .50
J.C.S. / A.T.J.                  40.25
CO IMPROVEMENT FND                2.00
REC. IMPRVMT FUND                 3.00
                             ----------------
Check# 12764306                 $59.25

Total Received........          $59.25
```

Recording Page Count:    3

Paid By Remarks: NTC RECORDING   TB
                 NEWREZ-OLNICK/BARCLAYS

I hereby **CERTIFY** that this document is
recorded in the Recorder's Office of
Mifflin County, Pennsylvania



Ellen L. Amspacker
Recorder of Deeds

```
+----------------------------------------+
|          Certification Page            |
|          DO NOT DETACH                 |
|  This page is now part of this legal document. |
+----------------------------------------+
```

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

Prepared By:
Dave LaRose/NTC, 2100 Alt. 19
North, Palm Harbor, FL 34683
(800)346-9152

When Recorded Return To:
Fannie Mae
C/O Nationwide Title Clearing. LLC
2100 Alt. 19 North
Palm Harbor, FL 34683

## ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING, WHOSE ADDRESS IS 1100 VIRGINIA DRIVE, FORT WASHINGTON, PA 19034, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Mortgage therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to **BARCLAYS MORTGAGE TRUST 2021-NPL1, MORTGAGE-BACKED SECURITIES, SERIES 2021-NPL1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE   , WHOSE ADDRESS IS C/O GREGORY FUNDING LLC, 13190 SW 68TH PARKWAY, SUITE 200, TIGARD, OR 97223, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage is dated 03/13/1999. in the amount of $45.500.00. made by **OTTIE J OLNICK, A SINGLE WOMAN** to **ALTERNATIVE LENDING MORTGAGE CORP..** recorded on 04/01/1999. in the Office of the Recorder of Deeds of **MIFFLIN** County, **Pennsylvania**, in **Book 0468, Page 0001 and Instrument # 002212** .

Property is commonly known as: 508 MAPLE AVE. LEWISTOWN. PA 17044.

Dated on ___/ / / / /20 **22** (MM/DD/YYYY)

**NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING**

By: _____

Susan Hicks

**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.



STATE OF FLORIDA    COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on __/__/__/20_22_ (MM/DD/YYYY), by Susan Hicks as VICE PRESIDENT of NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Julie Martens
Notary Public - STATE OF FLORIDA
Commission expires: 05/22/2022

JULIE MARTENS
NOTARY PUBLIC
STATE OF FLORIDA
COMM# GG 221059
EXPIRES: 5/22/2022

Assignment of Mortgage from:
NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING,
WHOSE ADDRESS IS 1100 VIRGINIA DRIVE, FORT WASHINGTON, PA 19034, (ASSIGNOR),
to:
BARCLAYS MORTGAGE TRUST 2021-NPL1, MORTGAGE-BACKED SECURITIES, SERIES
2021-NPL1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE   , WHOSE
ADDRESS IS C/O GREGORY FUNDING LLC, 13190 SW 68TH PARKWAY, SUITE 200, TIGARD, OR
97223, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)

Mortgagor: OTTIE J OLNICK, A SINGLE WOMAN

All that certain lot or piece of ground situated in
Mortgage Premises: 508 MAPLE AVE
                          LEWISTOWN, PA 17044
(Borough or Township, if stated), Commonwealth of Pennsylvania.
Being more particularly described in said Mortgage.

I, Susan Hicks , hereby certify that the below information and address for the assignee are correct:
BARCLAYS MORTGAGE TRUST 2021-NPL1, MORTGAGE-BACKED SECURITIES, SERIES
2021-NPL1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE   , WHOSE
ADDRESS IS C/O GREGORY FUNDING LLC, 13190 SW 68TH PARKWAY, SUITE 200, TIGARD, OR
97223, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)

By: _____
    Susan Hicks    VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.



BK0468PG0008

FILED 15:50
MIFFLIN COUNTY
J. Cupert
Apr 1 10 08 AM '99
135212
BARD...



EXHIBIT C

002213

*Chelsea Settlement Agency*
*1000 N. Front Street, Suite 501*
*Wormleysburg, PA 17043*

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

---

LOAN NO: ██████

## Corporation Assignment of Real Estate Mortgage

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to   Washenaw Mortgage
Company   , 315 E. Eisenhower Prkwy Ste.12, Ann Arbor, MI 48108
It's Successors and/or Assigns all the rights, title and interest of undersigned in and to that certain Real
Estate Mortgage dated   March 13, 1999   executed by

Ottie J. Olnick, a single woman

to   Alternative Lending Mortgage Corp.

, its successors and/or assigns

and whose address is 305 FIFTH STREET, BAY CITY, MICHIGAN 48708 and recorded in Liber No.  468   , page(s)  1
MIFFLIN   County Records, State of   Pennsylvania

on real estate legally described as follows:

THE PROPERTY REFERRED TO IS SITUATED IN THE TOWNSHIP OF DERRY,
COUNTY OF MIFFLIN, STATE OF PENNSYLVANIA AND IS DESCRIBED AS
FOLLOWS: SEE ATTACHED LEGAL DESCRIPTION: PARCEL #: 16-21-416.
ADDRESS: 508 MAPLE AVE., LEWISTOWN, PA 17044

### STATE OF PENNSYLVANIA
County of Mifflin, SS.
Recorded in the
Recorders Office at
Lewistown, PA this  1st
day of  April  A.D.
1999  in Book  468
Page _____
Barbara A. Stringer
Recorder of Deeds

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Real Estate Mortgage.

DATED: March 13, 1999

Alternative Lending Mortgage Corp.

By: Donna J. Bukowski
Donna J. Bukowski/Conforming Manager

Witness: Lisa J. Hartley

Witness: SHERRY L. HOLLIDAY

STATE OF MICHIGAN
COUNTY OF Bay   ss.
On  March 13, 1999   before me, the undersigned, a Notary Public in and for the said County and State,
personally appeared  Donna J. Bukowski to me personally known, who being duly sworn by me, did say that
he/she is   Conforming Manager   of the corporation named herein which executed the within instrument, that
the seal affixed to said instrument is the corporate seal of said corporation; that said instrument was signed and sealed on
behalf of said corporation pursuant the its by-laws or a resolution of its Board of Directors and that he/she acknowledges
said instrument to be free act and deed of said corporation.

[OFFICIAL SEAL]

Notary Public for State of: Michigan
County of: Bay
My Commission Expires:

SHERRY L. HOLLIDAY
Notary Public, Bay County, MI
My Commission Expires 11-16-2001

DRAFTED BY:
Thomas P. LaPorte, President
Alternative Lending Mortgage Corp.
305 Fifth Street
Bay City, MI 48707

When Recorded Mail To:
Mortgage America (IMC), Inc.
305 5th Street
Bay City, MI 48708
(717) 671-4992

CDD:ASSIGNMENT OF MORTGAGE CDIV                    LFG:ASSIGNMENT OF MORTGAGE CDIV

ISC/ASMTG//0900-L

ALL that certain piece, parcel or tract of land situate on the South side of a public alley lying to the North of and parallel to Maple Avenue in Derry Township, Mifflin County, Pennsylvania, bounded and described as follows to wit:

FRONTING Fifty (50') feet on said public alley and extending in a southern direction in depth of equal width Fifty-three (53') Feet, more or less, to property now or formerly of Joseph R. Olnick, being bounded on the North by said public alley, on the East by lot now or formerly of James Riley, on the South by property now or formerly of Joseph R. Olnick and on the West by lot now or formerly of Una Weaver, being the Northerly portion of Lot No. 8 and of the Eastern Twenty (20') Feet of Lot No. 9 in Block 34 in a plan of lots in Highland Park recorded in the Recorder's Office in and for Mifflin County at Lewistown, Pa. in Plat Book I, page 10, and having thereon erected a two-story frame dwelling house, garage and other improvements, and being known and numbered as Rear 508 Maple Avenue, Lewistown, Pennsylvania.

BEING the same premises which Daniel C. Wagner and Memie C. Wagner, his wife by their Deed dated October 27, 1956 and recorded in the Recorder's Office in and for Mifflin County in Deed Book 113, page 95 sold and conveyed to Robert H. Ramsey and Patricia Y. Ramsey, formerly husband and wife, and now divorced by virtue of a Decree in Divorce dated August 2, 1961, in proceedings in the Court of Common Pleas of Mifflin County to No. 332 May Term, 1961.

This is a Deed of conveyance between a daughter and her former spouse to her parents, said conveyance being without consideration being paid therefor. Accordingly, the transfer is exempt from Realty Transfer Taxes.

PARCEL #: ██████

Investor #: [redacted]
WMC Loan [redacted]

BK 0519 PG 3625

FILED 34⁵⁰
MIFFLIN COUNTY
Mail
JUL 23 10 09 AH '03
RE# 167575
BARB... ...LER
RECORDER

Prepared by; & when recorded mail to: Trudy Legault
Washtenaw Mortgage Company
3767 Ranchero Drive
Ann Arbor, MI 48108
(800) 765-5562

## CORPORATION ASSIGNMENT
## OF MORTGAGE

FOR VALUE RECEIVED, the undersigned hereby
grants, assigns, and transfers to:
**BANK OF AMERICA, N.A.**
**475 CROSS POINT PARKWAY**
**P.O. BOX 9000**
**GETZVILLE, NY 14069**
all beneficial interest under that certain MORTGAGE, dated 03/13/1999 executed by: OTTIE J OLNICK, to and in favor Mortgage
America and recorded on 04/01/1999 as Document No. 002212, in Book 0468, Page(s) 0001 to 0007 of Official Records in the office
of the County Recorder of MIFFLIN County, State of PA and assigned to Washtenaw Mortgage Company by separate Assignment
recorded on 04/01/1999 as Doc. No. 002213 in Book, Volume or Liber No. 0468, at page 0008,

STATE OF PENNSYLVANIA
County of Mifflin, SS.
Recorded in the
Recorders Office at 23 AM
Lewistown, PA this
day of July A D
2003 in Book 519
Page 3625
Barbara A. Stringer
Recorder of Deeds

Tax ID #:  Property Address: 508 MAPLE AVE, LEWISTOWN, PA 17044
Note Amount: $45,500.00  Date of execution: 06/24/2003

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all
rights accrued or to accrue under said MORTGAGE.
**WASHTENAW MORTGAGE COMPANY**                    Witnessed:

BY: _____                             _____
Howard Nathan                                      Suzanne Daniels
Its: Vice President
                                                   _____
                                                   Anka Martinez

**State of Michigan, Washtenaw County**
On 06/24/2003 before me, the undersigned, Trudy Legault, a Notary Public in and for said County and State, personally appeared
Howard Nathan known to me to be the Vice President, of Washtenaw Mortgage Company which executed the within instrument,
that said instrument was signed on behalf of said corporation pursuant to its by-laws or a resolution of its Board of Directors and
that he/she acknowledged said instrument to be the free act and deed of said corporation.

Notary Public: _____ (Seal)          CERTIFICATE OF RESIDENCE: The undersigned
                                                  hereby certifies that the precise address of the Assignee
Notary Public, Washtenaw County, MI               herein named is as follows:
My Commission Expires :                            <mailing address of assignee>

Pennsylvania 1              006156                 _____



**Barbara A. Stringer**
MIFFLIN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT
Courthouse
20 North Wayne Street, Lewistown, PA 17044
Phone: (717) 242-1449

| | |
|---|---|
| Record Date: | 6/07/2013 |
| Record Time: | 01:37:27 |
| Receipt No.: | 245420 |

Instrument Type:   ASGMT MTGE

```
      Receipt Distribution
Fee/Tax Description        Payment Amount

ASGMT MTGE                      13.00
ASGMT MTGE - WRIT                 .50
J.C.S. / A.T.J.                 23.50
CO IMPROVEMENT FND               2.00
REC. IMPRVMT FUND                3.00
                           ---------------
Check# 361674                  $42.00

Total Received.........         $42.00
```

Recording Page Count:   3

Paid By Remarks: CORELOGIC SOLUTIONS     DAC
BANK OF AMERICA/OLNICK/GREEN

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Mifflin County, Pennsylvania

Barbara A. Stringer
Recorder of Deeds

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

NOTE: Some information subject to change during the verification process and may not be reflected on this page.

2020-000665



## Barbara A. Stringer
**MIFFLIN COUNTY RECORDER OF DEEDS**
**REGISTER OF WILLS**
**CLERK OF ORPHANS' COURT**
Courthouse
20 North Wayne Street, Lewistown, PA 17044
Phone: (717) 242-1449

Instrument Number: **2020-000665**

Instrument Type: **ASGMT MTGE**

Record Date: **2/18/2020**

Record Time: **01:25:47**

Receipt No.: **289959**

```
- - -                                                              - - -
     ┌─────────────────────────────────┐
     │    Receipt Distribution         │
     │ Fee/Tax Description   Payment Amount │
     └─────────────────────────────────┘
     ASGMT MTGE                    13.00      Recording Page Count:   4
     ASGMT MTGE - WRIT               .50
     J.C.S. / A.T.J.               40.25      Paid By Remarks: REC'D NTC RECORDING FEES   TB
     CO IMPROVEMENT FND             2.00                       DITECH-OLNICK/NEW RESIDENTIAL
     REC. IMPRVMT FUND              3.00
                               ----------------
     Check# 11668405              $58.75

     Total Received........       $58.75
```

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Mifflin County, Pennsylvania



Barbara A. Stringer
Recorder of Deeds

```
┌──────────────────────────────────────────────┐
│              Certification Page                │
│              DO NOT DETACH                      │
│  This page is now part of this legal document. │
└──────────────────────────────────────────────┘
```

NOTE: Some information subject to change during the verification process and may not be reflected on this page.

Prepared By:
Dave LaRose/NTC, 2100 Alt. 19
North, Palm Harbor, FL 34683
(800)346-9152

When Recorded Return To:
Ditech Financial LLC
C/O Nationwide Title Clearing. Inc.
2100 Alt. 19 North
Palm Harbor. FL 34683



## ASSIGNMENT OF MORTGAGE

**FOR GOOD AND VALUABLE CONSIDERATION.** the sufficiency of which is hereby acknowledged. the undersigned. **DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC. WHOSE ADDRESS IS 2100 E. ELLIOT RD., BLDG 94, Mailstop T314, TEMPE, AZ 85284, (ASSIGNOR),** by these presents does convey. grant. assign. transfer and set over the described Mortgage therein together with all interest secured thereby. all liens. and any rights due or to become due thereon to **NEW RESIDENTIAL MORTGAGE LLC. WHOSE ADDRESS IS 1345 AVENUE OF THE AMERICAS, 45th FLOOR. NEW YORK, NY 10105 (212)798-6100, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage is dated 03/13/1999. in the amount of $45.500.00. made by **OTTIE J. OLNICK** to **ALTERNATIVE LENDING MORTGAGE CORP..** recorded on 04/01/1999. in the Office of the Recorder of Deeds of **MIFFLIN** County. **Pennsylvania.** in **Book 0468 and Page 0001** .
    SEE ATTACHED EXHIBIT A

Property is commonly known as: 508 MAPLE AVENUE DERRY TOWNSHIP. LEWISTOWN. PA 17044.

Dated on __2 / 10__/2020 (MM/DD/YYYY)

**DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC**

By: _____

    **Ercilia Green**
    **VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

PAGE 1



STATE OF FLORIDA    COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on ___01/10___/2020 (MM/DD/YYYY), by Ercilia Green as VICE PRESIDENT of DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Julie Martens
Notary Public - STATE OF FLORIDA
Commission expires: 05/22/2022

JULIE MARTENS
Notary Public - State of Florida
Commission # GG 221059
My Comm. Expires: May 22, 2022
Bonded Through National Notary Assn.

Assignment of Mortgage from:
**DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC, WHOSE ADDRESS IS 2100 E. ELLIOT RD., BLDG 94, Mailstop T314, TEMPE, AZ 85284, (ASSIGNOR),**
to:
**NEW RESIDENTIAL MORTGAGE LLC, WHOSE ADDRESS IS 1345 AVENUE OF THE AMERICAS, 45th FLOOR, NEW YORK, NY 10105 (212)798-6100, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**

Mortgagor: **OTTIE J. OLNICK**

All that certain lot or piece of ground situated in
Mortgage Premise: 508 MAPLE AVENUE DERRY TOWNSHIP
LEWISTOWN, PA 17044
(Borough or Township, if stated), Commonwealth of Pennsylvania.
Being more particularly described in said Mortgage.

I, Ercilia Green , hereby certify that the below information and address for the assignee are correct:
**NEW RESIDENTIAL MORTGAGE LLC, WHOSE ADDRESS IS 1345 AVENUE OF THE AMERICAS, 45th FLOOR, NEW YORK, NY 10105 (212)798-6100, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**

By: _____
     **Ercilia Green    VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

PAGE 2

# Exhibit A

ALL that certain piece, parcel or tract of land situate on the South side of a public alley lying to the North of and parallel to Maple Avenue in Derry Township, Mifflin County, Pennsylvania, bounded and described as follows to wit:

FRONTING Fifty (53') feet on said public alley and extending in a southern direction in depth of equal width Fifty-three (53') Feet, more or less, to property now or formerly of Joseph R. Olnick, being bounded on the North by said public alley, on the East by lot now or formerly of James Riley, on the South by property now or formerly of Joseph R. Olnick and on the West by lot now or formerly of Lina Weaver, being the Northerly portion of Lot No. 8 and of the Eastern Twenty (20') Feet of Lot No. 9 in Block 34 in a plan of lots in Highland Park recorded in the Recorder's Office in and for Mifflin County at Lewistown, Pa, in Plat Book I, page 10, and having thereon erected a two-story frame dwelling house, garage and other improvements, and being known and numbered as Rear 508 Maple Avenue, Lewistown, Pennsylvania.



**Barbara A. Stringer**
MIFFLIN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT
Courthouse
20 North Wayne Street, Lewistown, PA 17044
Phone: (717) 242-1449

2020-001776

Instrument Number: 2020-001776

Instrument Type: ASGMT MTGE

Record Date: 5/11/2020

Record Time: 11:22:44

Receipt No.: 291190

- - -                                                                                            - - -

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| ASGMT MTGE | 13.00 |
| ASGMT MTGE - WRIT | .50 |
| J.C.S. / A.T.J. | 40.25 |
| CO IMPROVEMENT FND | 2.00 |
| REC. IMPRVMT FUND | 3.00 |
| Check# 5255586 | $58.75 |
| Total Received........ | $58.75 |

Recording Page Count: 3

Paid By Remarks: CORELOGIC SOLUTIONS LLC    KDR
O J OLNICK/NEWREZ LLC/ALT LEND

I hereby CERTIFY that this document is
recorded in the Recorder's Office of
Mifflin County, Pennsylvania

Barbara A. Stringer
Recorder of Deeds

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

NOTE: Some information subject to change during the verification process and may not be reflected on this page.

Recording Requested By:
**Shellpoint Mortgage Servicing**
Prepared By:
**Ratanaphone Vilaylueth**
**855-369-2410**
**3001 Hackberry Rd**
**Irving, TX 75063**
When recorded mail to:
**CoreLogic**
**P.O. Box 9232**
**Connell, TX 75019**

Property Address:
**508 MAPLE AVE**
**LEWISTOWN, PA 17044**
Property Location:
**Township of DERRY**
PA0-AM-SHPVT37950481    5/4/2020   UR001

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1345 AVENUE OF THE AMERICAS, 45TH FLOOR, NEW YORK, NY 10105** does hereby grant, sell, assign, transfer and convey unto **NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING** whose address is **1345 AVENUE OF THE AMERICAS, 45TH FLOOR, NEW YORK, NY 10105** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Mortgagee:          **ALTERNATIVE LENDING MORTGAGE CORP.**

Mortgagor(s):       **OTTIE J. OLNICK, A SINGLE WOMAN**

Date of Mortgage:   **3/13/1999**      Original Loan Amount:   **$45,500.00**

Recorded in **Mifflin County, PA** on: **4/1/1999**, book **0468**, page **0001** and instrument number **002212**

This Mortgage has not been assigned unless otherwise stated below:
Last ASSIGNMENT OF MORTGAGE DATED 2/10/2020. From DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC. To NEW RESIDENTIAL MORTGAGE LLC.. Recorded On 2/18/2020 In Book/Liber:N/A Page:N/A Instrument Number:2020-000665



IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on **5/5/2020**

**NEW RESIDENTIAL MORTGAGE, LLC BY NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, AS ATTORNEY IN FACT**



By: _____

**Kendrick Anthony, Vice President**

STATE OF **TX**

COUNTY OF **Dallas**

On this the **5/5/2020** before me, **Tina Kaye Sandor-Provencher**, the undersigned officer, personally appeared **Kendrick Anthony** who acknowledged himself/herself to be the **Vice President** of **NEW RESIDENTIAL MORTGAGE, LLC BY NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, AS ATTORNEY IN FACT**, and that he/she as such **Vice President**, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the name of the entity by himself/herself as **Vice President**.

In witness whereof I hereunto set my hand and official seal.

```
TINA KAYE SANDOR-PROVENCHER
Notary Public, State of Texas
Comm. Expires 03-30-2021
Notary ID 131065924
```

Notary Public

**Tina Kaye Sandor-Provencher**

(Printed Name)

My Commission Expires : **3/30/2021**

I certify that the precise residence of the within named Assignee is: **1345 AVENUE OF THE AMERICAS, 45TH FLOOR, NEW YORK, NY 10105**

Signature: _____



2022-000281

### Ellen L. Amspacker
MIFFLIN COUNTY RECORDER OF DEEDS
REGISTER OF WILLS
CLERK OF ORPHANS' COURT
Courthouse
20 North Wayne Street, Lewistown, PA 17044
Phone: (717) 242-1449

Instrument Number: **2022-000281**

Instrument Type: **ASGMT MTGE**

Record Date: **1/19/2022**

Record Time: **09:25:25**

Receipt No.: **303221**

- - -       - - -

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| ASGMT MTGE | 13.50 |
| ASGMT MTGE - WRIT | .50 |
| J.C.S. / A.T.J. | 40.25 |
| CO IMPROVEMENT FND | 2.00 |
| REC. IMPRVMT FUND | 3.00 |
| ------------------ | |
| Check# 12764306 | $59.25 |
| Total Received........ | $59.25 |

Recording Page Count:    3

Paid By Remarks: NTC RECORDING    TB
NEWREZ-OLNICK/BARCLAYS

I hereby **CERTIFY** that this document is
recorded in the Recorder's Office of
Mifflin County, Pennsylvania



Ellen L. Amspacker
Recorder of Deeds

### Certification Page
### DO NOT DETACH
This page is now part of this legal document.

NOTE:   Some information subject to change during the verification process and may not be reflected on this page.

**Prepared By:**
**Dave LaRose/NTC, 2100 Alt. 19**
**North, Palm Harbor, FL 34683**
**(800)346-9152**

When Recorded Return To:
Fannie Mae
C/O Nationwide Title Clearing. LLC
2100 Alt. 19 North
Palm Harbor. FL 34683

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING, WHOSE ADDRESS IS 1100 VIRGINIA DRIVE, FORT WASHINGTON, PA 19034, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to BARCLAYS MORTGAGE TRUST 2021-NPL1, MORTGAGE-BACKED SECURITIES, SERIES 2021-NPL1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE    , WHOSE ADDRESS IS C/O GREGORY FUNDING LLC, 13190 SW 68TH PARKWAY, SUITE 200, TIGARD, OR 97223, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Mortgage is dated 03/13/1999. in the amount of $45,500.00. made by **OTTIE J OLNICK, A SINGLE WOMAN** to ALTERNATIVE LENDING MORTGAGE CORP., recorded on 04/01/1999. in the Office of the Recorder of Deeds of <u>MIFFLIN</u> County, <u>Pennsylvania</u>, in <u>Book 0468, Page 0001 and Instrument # 002212</u> .

Property is commonly known as: 508 MAPLE AVE, LEWISTOWN. PA 17044.

Dated on ___/ _/ _/ _/20 _22_ (MM/DD/YYYY)

**NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING**

By: _____ *Salsel* _____

**Susan Hicks**

    **VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

PAGE 1



STATE OF FLORIDA    COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on ___/___/___/20 __22__ (MM/DD/YYYY), by Susan Hicks as VICE PRESIDENT of NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Julie Martens
Notary Public - STATE OF FLORIDA
Commission expires: 05/22/2022

JULIE MARTENS
NOTARY PUBLIC
STATE OF FLORIDA
COMM# GG 221059
EXPIRES: 5/22/2022

Assignment of Mortgage from:
**NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING, WHOSE ADDRESS IS 1100 VIRGINIA DRIVE, FORT WASHINGTON, PA 19034, (ASSIGNOR),**
to:
**BARCLAYS MORTGAGE TRUST 2021-NPL1, MORTGAGE-BACKED SECURITIES, SERIES 2021-NPL1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE    , WHOSE ADDRESS IS C/O GREGORY FUNDING LLC, 13190 SW 68TH PARKWAY, SUITE 200, TIGARD, OR 97223, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**

Mortgagor: **OTTIE J OLNICK, A SINGLE WOMAN**

All that certain lot or piece of ground situated in
Mortgage Premises: 508 MAPLE AVE
                    LEWISTOWN, PA 17044
(Borough or Township, if stated). Commonwealth of Pennsylvania.
Being more particularly described in said Mortgage.

I, **Susan Hicks** , hereby certify that the below information and address for the assignee are correct:
**BARCLAYS MORTGAGE TRUST 2021-NPL1, MORTGAGE-BACKED SECURITIES, SERIES 2021-NPL1, BY U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE    , WHOSE ADDRESS IS C/O GREGORY FUNDING LLC, 13190 SW 68TH PARKWAY, SUITE 200, TIGARD, OR 97223, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**

By: _____
    **Susan Hicks    VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

PAGE 2
MPA1